RUSSELL NILSON, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Russell Nilson, Inc. v. Commissioner
Docket No. 23022-88
United States Tax Court
T.C. Memo 1990-61; 1990 Tax Ct. Memo LEXIS 61; 58 T.C.M. (CCH) 1354; T.C.M. (RIA) 90061; February 12, 1990
Catherine M. Brady, for the petitioner. H. Steven New, for the respondent. FAY
MEMORANDUM OPINION
*62 FAY, Judge: This case was assigned to Special Trial Judge James M. Gussis pursuant to section 7443A(b)(4) of the Code and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed December 6, 1988, and petitioner's Motion to Dismiss for Lack of Jurisdiction, filed June 5, 1989. We held a hearing on the motions on June 5, 1989 and received a stipulation, testimony and exhibits. The stipulation of facts is incorporated herein by this reference. Petitioner Russell Nilson, Inc. (hereinafter sometimes referred to as petitioner or the Corporation) is a corporation organized under the laws of the state of California and is engaged in the business of farming. Russell C. Nilson is the president of Russell *63 Nilson, Inc. and owns 99.88 percent of the shares of common stock of Russell Nilson, Inc. Petitioner filed its Federal corporate income tax returns (Form 1120) for its fiscal years ending June 30, 1983, and June 30, 1984, on December 21, 1984 and March 18, 1985, respectively. Russell C. Nilson signed both returns for petitioner. On both returns, petitioner reported its address as 1396 East Hunt Road, Holtville, California, which is the residence of Russell C. Nilson's parents. Beginning in February 1982, however, petitioner leased office and storage space from Russell C. Nilson at 1973 Chambers Lane, Holtville, California. All of petitioner's current books and records were maintained at 1973 Chambers Lane. Russell C. Nilson resides at 1973 Chambers Lane. The examination of petitioner's Federal corporate income tax for the years in issue was conducted by revenue agent Clementina Pina. Ms. Pina's involvement with petitioner began with an audit of the joint individual income tax returns of Russell C. Nilson, petitioner's president, and his wife, Nancy Nilson, for the years 1982, 1983 and 1984. At some time prior to June 30, 1986, Ms. Pina expanded her examination to include *64 Russell Nilson, Inc. On June 30, 1986 she was informed by Mr. Nilson that the corporation's books and records were located at his residence at 1973 Chambers Lane. During the course of the audit, Ms. Pina reviewed those records alternately at the Nilson's residence and at the office of the Nilson's accountant, Ed Palmer. The last time Ms. Pina reviewed petitioner's books and records was at 1973 Chambers Lane. In September 1986, petitioner filed with respondent a Form 843, Claim for Refund. Petitioner's address was listed as P.O. Box 87, Holtville, California. In January 1987, Russell C. Nilson prepared two tax returns for petitioner. One was a Form 943, Employer's Annual Tax Return for Agricultural Employees, and the other was a Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return. Both forms were signed by Mr. Nilson and dated January 27, 1987. Although Mr. Nilson did not recall filing these returns, both were received by the IRS and date-stamped on March 4 and March 5, 1987, respectively. Both returns reported petitioner's address as P.O. Box 87, Holtville, California. On October 8, 1987, respondent sent to petitioner by certified mail a letter requesting *65 petitioner's consent to extend the time to assess tax for both the years under examination. This letter was sent to 1396 East Hunt Road, the address appearing on petitioner's Form 1120 tax returns for said years. On October 29, 1987, less than two months before mailing the notice of deficiency involved herein, respondent received the letter back from the post office. The envelope had been stamped "Returned to Sender -- Unclaimed." On December 1, 1987, one of respondent's employees requested a computer printout of information from the Internal Revenue Service computer file with respect to Russell Nilson, Inc. Malcolm E. Gettmann, Chief of the Records Section for the IRS San Diego Appeals Office, testified at the hearing. He stated that, based on his knowledge and experience in retrieving information from the computer file, the printout would have been made within five business days of the request date. The printout in this case indicated that petitioner's address was 1973 Chambers Lane, Holtville, California. On December 10, 1987, respondent issued the notice of deficiency involved herein to petitioner by certified mail to the 1973 Chambers Lane address. On or about December 14, 1987, the *66 mail carrier for the Holtville post office attempted to deliver the notice. Since no one was present at the Nilson residence, the carrier left a notice to pick up certified mail in the mail box. A second notice to pick up certified mail was left in the mailbox at 1973 Chambers Lane on December 17, 1987. Russell Nilson concedes that he received both pick-up notices. The notice of deficiency was never picked up. On January 5, 1988, 22 days after Mr. Nilson received the first pick-up notice, the post office returned the notice of deficiency to respondent as unclaimed mail. On or about May 25, 1988, Russell C. Nilson received by regular mail a Form 3552, Statement of Tax Due on Federal Tax Return, for petitioner, addressed to 1973 Chambers Lane. After making an inquiry, Mr. Nilson received a copy of the notice of deficiency on or about July 5 or 6, 1988. Petitioner filed the instant petition on September 6, 1988, which date is 270 days after the notice of deficiency was issued. In order for a taxpayer to invoke the jurisdiction of this Court, there must be both a valid notice of deficiency and a timely filed petition. . *67 Section 6212(a) authorizes the Secretary, upon the determination of a deficiency in income tax, to issue a notice of deficiency by certified or registered mail. A notice of deficiency is valid, regardless of actual receipt by the taxpayer, if mailed to the taxpayer's "last known address." Sec. 6212(b)(1); see . We note that an appeal in this matter would be to the Court of Appeals for the Ninth Circuit. The purpose of sections 6212(a) and (b)(1) is to insure that the taxpayer receives a timely notice so he can challenge the determination of a deficiency made by respondent within the 90-day period provided in section 6213. See . The question we must resolve is whether respondent mailed the notice of deficiency to petitioner's last known address on December 10, 1987. If we find that he did, this Court lacks jurisdiction and this case must be dismissed because the petition was filed more than 90 days after the issuance of the notice of deficiency. Sec. 6213. If we find that the notice of deficiency was not mailed to petitioner's last known *68 address, petitioner requests that we dismiss this case on the ground that the notice of deficiency was invalid. Respondent is entitled to treat the address appearing on the taxpayer's most recently filed return as the last known address absent "clear and concise notification" of a new address. ; , affd. . The Court of Appeals for the Ninth Circuit has emphasized that this rule provides a "clear starting point" for the determination by respondent of the taxpayer's last known address. . However the rule does not impose upon respondent an inflexible obligation to use unquestioningly the address on the taxpayer's most recent return. After respondent becomes aware of an address other than the one on a taxpayer's return, he must exercise reasonable care and due diligence in ascertaining the taxpayer's correct address. . The question of what constitutes a taxpayer's last known address *69 is a factual one which requires a full evaluation of the knowledge possessed by respondent at the time the notice of deficiency was issued. See . Petitioner's corporate income tax returns for the fiscal years ending June 30, 1983 and 1984 used the address, 1396 East Hunt Road, Holtville, California. As of December 10, 1987, when the notice of deficiency was issued, petitioners had not filed any Federal corporate income tax returns subsequent to the fiscal year ending June 30, 1984. However, the Forms 940 and 943 filed by petitioners in January 1987 showed petitioner's address as P.O. Box 87, Holtville, California. The Ninth Circuit has indicated that such tax returns provide the Internal Revenue Service with notice of a new address. See ; see also . This alone would impose upon respondent the obligation to exercise due diligence in ascertaining petitioner's correct address. Russell C. Nilson testified that at the time of its incorporation in 1979, petitioner's address for service *70 of process was 1396 East Hunt Road, and that the same address has always been the Corporation's principal place of business. He also testified that after the post office box was acquired, petitioner would use either one of the addresses, i.e., the 1396 East Hunt Road address or the post office box. However, beginning in February 1982, the Corporation leased storage and office space in Russell C. Nilson's residence at 1973 Chambers Lane. While the leases introduced into evidence do not extend beyond December 31, 1985, when IRS revenue agent Pina requested an examination of petitioner's books and records in June 1986, she was directed to 1973 Chambers Lane. At no time was she directed to a corporate office at 1396 East Hunt Road. In fact, Mr. Nilson testified that he did not want the revenue agent conducting the audit to go to the East Hunt Road address. The phone number of the Corporation was listed as 356-4004, which was also Russell C. Nilson's personal phone number at 1973 Chambers Lane. It is of some significance, we believe, that two months before mailing the notice of deficiency respondent sent a letter by certified mail to petitioner at the East Hunt Road address. That *71 letter was returned as unclaimed. On December 1, 1987, just prior to the date of mailing of the notice of deficiency, respondent obtained a printout from his computer files which showed the 1973 Chambers Lane address as petitioner's address. Against this background and upon consideration of all the circumstances revealed by the record, we find that respondent met the reasonable diligence standard and was fully justified in determining that the correct address, where the notice of deficiency would most probably reach petitioner in a timely manner, was the 1973 Chambers Lane address. Petitioner, through its president, Russell C. Nilson, did in fact receive both post office pick-up notices for certified mail which indicated that the mail was available for pick-up any time after December 14, 1987. While Mr. Nilson testified with respect to his alleged attempts to claim the mail we remain unconvinced that such attempts occurred. In any event, we note that, contrary to Mr. Nilson's uncorroborated testimony, the Postmaster of the Holtville, California, Post Office testified that certified mail would be given to a claimant by post office personnel upon proper identification without the *72 need to present the pick-up notice. Mr. Nilson also claimed that he was unaware that certified mail is returned to the sender after the post office holds it for the required period; yet, two months earlier, certified mail addressed to petitioner was also returned to respondent. We further note that the Holtville Post Office retained the notice of deficiency for 22 days rather than the 15 days required by post office regulations, so that even if we believe Mr. Nilson's testimony with respect to petitioner's hectic work schedules, petitioner had ample time to claim the notice of deficiency at the post office. These facts strongly suggest that the reason the notice of deficiency was not received was because petitioner failed or refused to claim it at the post office. See . We conclude that the notice of deficiency dated December 10, 1987 was mailed to petitioner at its last known address and that petitioner has failed to establish that the notice is invalid. We further conclude that the petition in this proceeding filed with the Court on September 6, 1988, which date is 270 days after the mailing of the notice of deficiency, *73 is untimely. Section 6213(a). In view of the foregoing, respondent's motion will be granted and petitioner's motion will be denied. An appropriate order of dismissal for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩